UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CENTRAL TEXAS HIGHWAY | § | |
| CONSTRUCTORS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-1591-B |
| | § | |
| HUDSON SPECIALTY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Hudson Specialty Insurance Company ("Hudson")'s Motion to Dismiss Pursuant to Rule 12(b)(1), or Alternatively Rule 12(b)(6), or in the Further Alternative, Motion to Abate (Doc. 5). For the reasons set forth below, the Court **GRANTS** Hudson's Motion and **DISMISSES** the case **WITHOUT PREJUDICE**. A final judgment will follow.

## I.

## BACKGROUND

This is a breach of contract case arising out of Hudson's refusal to cover a judgment that Plaintiff Central Texas Highway Constructors, LLC ("CTHC") obtained against Hudson's insured, ETTL Engineers and Consultants, Inc. ("ETTL"). Doc. 1, Compl., ¶ 6.

In 2007, CTHC hired ETTL to help CTHC design part of a highway CTHC was building. *Id.* ¶¶ 7–9. Their subcontract required ETTL to defend or indemnify CTHC for certain defect and damages claims. *Id.* ¶¶ 17, 19. But when CTHC was sued over alleged damages and defects in the highway, ETTL refused to defend or indemnify CTHC. *Id.* ¶ 19. CTHC and ETTL arbitrated their

-1-

dispute, and CTHC obtained a final arbitration award in 2023. *Id.* at 4.[1] CTHC then obtained a judgment in state court confirming the final arbitration award. *Id.* ¶¶ 21–24. In the final judgment, the state court retained jurisdiction over CTHC and ETTL to resolve "CTHC's pending claims for Entry of a Turnover Order, [and] for attorneys' fees," among other things. Doc. 10-2, Ex. 1-A, 3. ETTL appealed this judgment, and the state appellate court dismissed the appeal, finding that there was no final judgment, because the trial court retained jurisdiction to determine attorneys' fees. Thus, the appellate court found that it lacked jurisdiction over the appeal. *See* Doc. 6, Def.'s App'x, 1[2]; *see also* Doc. 14, Def.'s Reply App'x, 58.

Hudson is ETTL's insurer. Doc. 1, Compl., ¶ 26. ETTL's policy provides that Hudson will pay certain judgments that ETTL becomes obligated to pay. *See id.* ¶¶ 27–29. In conversations with CTHC and ETTL, Hudson claimed that the policy limit was lower than CTHC and ETTL believed and that CTHC cannot fully recover for its judgment because of the policy's exclusions. *Id.* ¶ 34.

CTHC brought a breach of contract claim against Hudson—alleging it has standing as ETTL's judgment creditor—for Hudson's failure to pay CTHC's judgment against ETTL. *Id.* ¶¶ 46–54. CTHC also seeks attorneys' fees. *Id.* ¶¶ 55–56. Hudson moves to dismiss CTHC's claim. Doc. 5, Mot., 1. Hudson argues that the Court lacks subject-matter jurisdiction because CTHC does not have standing under Texas's "no direct action" rule, which precludes CTHC from suing Hudson—ETTL's insurer—until ETTL's liability has been finally established. *Id.* at 3–8. Since the trial court retained jurisdiction over CTHC's judgment against ETTL to determine attorneys' fees, Hudson

---

[1] This cite refers to page four of the Complaint, where some of the paragraph marking is inconsistent.
[2] The numbers refer to ECF pagination when citing the Defendant's Appendix (Doc. 6).

argues that ETTL's liability has not been finally established. *Id.* at 5–6. The Court considers Hudson's Motion below.

## II.

## LEGAL STANDARD

A.    *Standing*

To have standing in federal court,

(1) the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent, not "conjectural" or "hypothetical"'; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be 'likely,' that the injury will be 'redressed by a favorable decision.'

*Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 606 (5th Cir. 2018) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up)).

B.    *Section 12(b)(1) Motion to Dismiss*

In ruling on a motion to dismiss for lack of subject-matter jurisdiction, the court may evaluate "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981), *cert. denied*, 454 U.S. 897 (1981).

The plaintiff bears the burden of establishing that the court has subject-matter jurisdiction over the dispute. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). When a defendant raises a "facial attack" on subject-matter jurisdiction, that is, one based on the complaint alone, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised — the court must consider the allegations in the plaintiff's complaint as true."

*Id.* at 412. If the jurisdictional allegations in the complaint "are sufficient the complaint stands." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

By contrast, a "factual attack" on jurisdiction is based on matters outside the pleadings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). To defeat a factual attack, a plaintiff "must prove the existence of subject-matter jurisdiction by a preponderance of the evidence" and is "obliged to submit facts through some evidentiary method to sustain his burden of proof." *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989) (internal quotations omitted). Under this method, a court's authority under Rule 12(b)(1) extends well beyond that conferred by Rule 12(b)(6) or even Rule 56—the court has the additional power to resolve factual issues to determine if it has jurisdiction to hear the case. *Williamson*, 645 F.2d at 412–13.

## III.

## ANALYSIS

The Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** CTHC's Complaint for lack of subject-matter jurisdiction.[3]

CTHC did not establish it has standing. In "diversity case[s] involving state common-law rights of action, plaintiffs must satisfy both state and federal standing requirements." *Comer v. Murphy Oil USA*, 585 F.3d 855, 861 (5th Cir. 2009) *rev'd on other grounds*, 607 F.3d 1049, 1054 (5th Cir. 2010). Hudson only disputes CTHC's standing under Texas law. *See* Doc. 5, Def.'s Br., 5. "Texas

---

[3] Hudson argues in its Reply that issue preclusion applies and precludes the Court from determining whether it has subject-matter jurisdiction. Doc. 13, Reply, 3. Specifically, it argues that the state appellate court already held that it lacked subject-matter jurisdiction because it found that the trial court's judgment was not final. *Id.* Issue preclusion is an affirmative defense that must "be pleaded specifically." *In re Est. of Bessire*, 399 S.W.3d 642, 646 (Tex. App.—Amarillo 2013, pet. denied). Hudson did not plead issue preclusion until its Reply, so the Court "view[s] the issue waived" and will not consider it. *Hernandez v. United States*, 888 F.3d 219, 224 n.1 (5th Cir. 2018) (quoting *Lockett v. EPA*, 319 F.3d 678, 684 n.16 (5th Cir. 2003)).

law, like federal law, treats standing as a constitutional prerequisite to maintaining a claim." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012) (citing *Sw. Bell Tel. Co. v. Mktg. on Hold Inc.*, 308 S.W.3d 909, 915 (Tex. 2010)). To establish standing under Texas law, "a plaintiff must be personally aggrieved; his alleged injury must be concrete and particularized, actual or imminent, not hypothetical," and his injury must not be "too slight for a court to afford redress." *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304–05 (Tex. 2008).

For a plaintiff to have standing to directly sue a defendant's liability insurer, Texas's "no direct action rule" requires that the defendant's liability to the plaintiff is finally established. *See In re Essex Ins. Co.*, 450 S.W.3d 524, 526 (Tex. 2014). "The 'no direct action' rule pertains to standing because there is no justiciable controversy until the liability of the insured has been established." *In re First Mercury Ins. Co.*, 437 S.W.3d 34, 40 (Tex. App.–Corpus Christi-Edinburg 2014, no pet.) (citations omitted). Therefore, the Court will pierce the pleadings to determine whether the no direct action rule applies. *See Williamson*, 645 F.2d at 412–13.

Because the no direct action rule requires a final judgment, the rule sometimes precludes suit when attorneys' fees have not been decided. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001). Whether a court's reservation of jurisdiction over attorneys' fees precludes a judgment from being final depends on whether the attorneys' fees are merely incidental to executing the judgment or are connected to the primary dispute. *Compare Sherer v. Sherer*, 393 S.W.3d 480, 489 (Tex. App.– Texarkana 2013, writ denied) ("[A] judgment may be final even though further proceedings incidental to its proper execution are provided for on the face of the judgment." (quotations omitted)) *and Pillitteri v. Brown*, 165 S.W.3d 715, 718 (Tex. App.–Dallas 2004, no pet.) ("A judgment is final despite the reservation of jurisdiction to consider a claim for additional attorney's fees

incurred in execution and collection of the judgment.") *with Myers v. Ribble*, 796 S.W.2d 222, 224 (Tex. App.–Dallas 1990, no pet.) (finding there was no final judgment because, unlike cases where the court "only retained jurisdiction over future proceedings to effectuate execution," in this case, the "attorneys' fees and costs [were] incurred in connection with the primary dispute").

Here, CTHC did not establish that it has standing. Because Hudson mounted a factual attack, CTHC must prove by a preponderance of the evidence that this Court has subject-matter jurisdiction. *Irwin*, 874 F.2d at 1096. Hudson attached a letter from ETTL's appeal of CTHC's judgment against ETTL that indicates there was not a final judgment in the case against ETTL. *See* Doc. 6, Def.'s App'x, 3. In the letter, Texas's Fourteenth Court of Appeals found that it lacked subject-matter jurisdiction over the appeal because in the judgment against ETTL, the trial court "reserved resolution of appellee's request for attorney's fees for a later time, and there is no indication that the trial court subsequently resolved that request." *Id.*

CTHC did not establish it has standing because the trial court retained jurisdiction over attorneys' fees, and CTHC has not shown that the determination of attorneys' fees was merely incidental to executing the judgment. *See Myers*, 796 S.W.2d at 224. In the Complaint, CTHC alleges that it sued ETTL in state court "to confirm the Final Award [awarded in arbitration] and obtain a turnover order." Doc. 1, Compl., ¶ 21. It does not allege whether the Final Award included attorneys' fees, or whether part of CTHC's suit against ETTL included a claim for attorneys' fees. And in the state trial court's judgment where it retained jurisdiction to determine attorneys' fees, it is not clear whether the attorneys' fees were incidental to collecting judgment or connected to the primary suit. *See* Doc. 10-2, Ex. 1-A, 2.[4] The judgment "retains jurisdiction over the parties . . . for

---

[4] Although CTHC offered evidence of a later judgment where the state court does not retain jurisdiction to determine attorneys' fees, *see* Doc. 10-3, Ex. 1-B, 2–3, that judgment came after this lawsuit

purposes of hearing CTHC's pending claims for Entry of a Turnover Order, for attorneys' fees, and for the issuance of all writs and processes necessary for the enforcement of this judgment or the collection of costs." *Id.* The Court cannot determine whether CTHC's "pending claim[] . . . for attorneys' fees" was connected to the primary dispute. Thus, CTHC failed to meet its burden of proving by a preponderance of the evidence that the Court has subject-matter jurisdiction. *See Irwin*, 874 F.2d at 1096.

Because the Court lacks subject-matter jurisdiction, it will not consider Hudson's Motion to Dismiss under Rule 12(b)(6). *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (noting that a district court should dismiss on jurisdictional grounds without reaching the merits when it lacks subject-matter jurisdiction over a case). And because a dismissal for lack of subject-matter jurisdiction is not a decision on the merits, the Court dismisses CTHC's claims without prejudice, and it may "pursue [its] claim in the same or another forum." *Id.*

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Hudson's Motion to Dismiss (Doc. 5) and **DISMISSES** the case **WITHOUT PREJUDICE**. A final judgment will follow.

**SO ORDERED.**

**SIGNED: February 7, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

was filed. The Court will only consider the judgment signed before this suit was filed. *See John C. Flood of DC, Inc. v. SuperMedia, L.L.C.*, 408 S.W.3d 645, 650 (Tex. App.—Dallas 2013, no pet.) ("[S]tanding is determined at the time suit is filed.").